## THE STATE OF KANSAS v. CLIFF McCARLEY.

### No. 14,964.    (87 Pac. 744.)

INFORMATION—*Verification—Authority.* Affidavits charging the unlawful sale of liquor were acknowledged before a notary. Afterward the notary was appointed assistant attorney-general, and signed a verified information, to which the affidavits were attached. A motion to quash was said to have been properly denied.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *C. L. Evans,* assistant attorney-general for Allen county, for The State; *R. H. Bennett,* of counsel.

*Chris Ritter,* for appellant.

*Per Curiam:* Appellant was convicted of a violation of the prohibitory law. The information contained two counts; the first charged a sale, the second the keeping of a nuisance. The jury returned a verdict of guilty on both counts. A motion in arrest of judgment was allowed as to the sale count and denied as to the second, or nuisance, count.

The claim is made that inasmuch as the court must

necessarily have disbelieved the witnesses who swore to the sale charged there was a total failure of evidence to sustain the nuisance count. There was, however, testimony to sustain the charge, and, the trial court having passed upon it, we shall not disturb the judgment.

The information was signed by C. L. Evans, assistant attorney-general for Allen county, and verified by him upon information and belief. Attached thereto were the affidavits of two witnesses, who swore that they purchased liquor at the place on the 13th of September, 1905. The affidavits were acknowledged before C. L. Evans, a notary public, on September 15, and, as he was not appointed assistant attorney-general until a month later, it is claimed he had no authority to act and that the court erred in denying the motion to quash. The affidavits were sworn to before an official who was authorized to administer oaths. When he attached them to the information he acted in a different capacity, but the affidavits were valid and furnished him sufficient proof to believe verily that the facts stated in the information were true. There is no merit in the contention that the affidavits were invalid because acknowledged before the attorney for plaintiff. He was not the attorney when they were sworn to. There was no action pending.

The judgment is affirmed.